Filed 4/8/25  P. v. Suchal CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C100919 |
| Plaintiff and Respondent, | (Super. Ct. No. STK-CR-FE-2023-0013221) |
| v. | |
| MALK MIRACLE SUCHAI, | |
| Defendant and Appellant. | |

Defendant Malk Miracle Suchai appeals from a judgment imposed in which the trial court advised that he would be subject to parole under Penal Code section 3000[1] when released from prison.  Defendant claims the trial court's advisement should be "clarified" to reflect a period of parole supervision of two years, pursuant to section 3000.01.  We will affirm the judgment.

---

[1]     Undesignated section references are to the Penal Code.

1

BACKGROUND

On December 7, 2023, defendant assaulted two law enforcement officers by "ramming" the car he was driving into the car they were driving. The People charged defendant with numerous criminal offenses including assaulting a peace officer with a deadly weapon (§ 245, subd. (c)). Defendant plead no contest to assault with a deadly weapon. While taking defendant's plea, the trial court advised defendant he may be placed on parole after serving his prison term, "[o]nce you finish serving that time on this charge, you may then be placed on parole for up to three years." The court also advised defendant he was pleading to a strike offense.

In exchange for defendant's plea, the People moved the trial court to dismiss the remaining charges. The court granted the People's motion and sentenced defendant to a term of three years in state prison. The court also awarded defendant 224 days of custody credit.

Defendant appeals with a certificate of probable cause.

DISCUSSION

Defendant contends this court must clarify the judgment to reflect that his eventual parole period may be two years, not three, pursuant to section 3000.01. Because the trial court did not set the parole term, but instead merely advised defendant of a *possible* parole term, we do not find that the judgment should be "clarified."

Section 3000.01 governs periods of parole for individuals released from prison on or after July 1, 2020, and who are subject to parole supervision by the Department of Corrections and Rehabilitation under section 3000.08. (§ 3000.01, subd. (a), added by Stats. 2020, ch. 29, § 18, eff. Aug. 6, 2020.) It limits, with exceptions not applicable here, the period of parole for an inmate serving a determinate term to two years. (§ 3000.01, subd. (b)(1).) Although the Legislature added section 3000.01, "[it] did not amend the relevant provisions of sections 3000 and 3000.08, which still provide the

2

inmate shall be released on parole for a period of three years. (§ 3000, subd. (b)(2)(B).)" (*People v. Tilley* (2023) 92 Cal.App.5th 772, 779-780.)

When, as here, "the trial court imposes a determinate term under section 1170, it is required to inform the defendant at sentencing that, after the expiration of their prison term, they may be on parole for a period as provided by section 3000 or 3000.08." (*People v. Tilley, supra*, 92 Cal.App.5th at p. 779, fn. omitted.) "Although the trial court is required to advise the defendant of the parole period, the duration and conditions of parole are established by the Legislature and the parole authority or Department of Corrections and Rehabilitation. [Citations.] The sentencing court does not have authority to set or alter the applicable term of parole so established." (*Ibid*.)

As a general rule, " 'a trial court is presumed to have been aware of and followed the applicable law.' " (*People v. Stowell* (2003) 31 Cal.4th 1107, 1114.) Nothing in the record reflects that the trial court was unaware that it lacked the authority to set the term of parole. Accordingly, we presume the trial court knew it lacked authority to set the term of parole and knew it had an obligation to advise defendant he was subject to a term of parole following the expiration of his term of imprisonment. We construe the trial court's statement about the parole term as a mere advisement of the length of the parole term, rather than an attempt to impose a specific parole term. Since the parole term was merely an advisement and will be determined by the Department of Corrections and Rehabilitation or the parole authority, we need not modify the judgment. (*People v. Tilley, supra*, 92 Cal.App.5th at p. 780.)

The People note a clerical error in the abstract of judgment, which we will direct the trial court to correct. Defendant pleaded no contest to assaulting a peace officer with a deadly weapon (§ 245, subd. (c)); this is a serious felony (a strike offense). (§ 1192.7, subd. (c)(11).) The trial court advised defendant he was pleading to a strike offense. The abstract of judgment, however, does not identify the conviction as a strike offense. This omission must be corrected.

DISPOSITION

The judgment is affirmed.  The trial court is directed to correct the abstract of judgment as follows:  In section 1, mark the box indicating defendant was convicted of a serious felony.  The court is further directed to deliver a copy of the corrected abstract of judgment to the Department of Corrections and Rehabilitation.


_____\s\_____,
Krause, J.


We concur:


_____\s\_____,
Mauro, Acting P. J.


_____\s\_____,
Boulware Eurie, J.


4